In the Matter of the ESTATE OF
Frances GREENWALD.

Delores RAUSHENBERGER, Appellant,

v.

Harold GREENWALD, Appellee.

No. 97–1155.

Supreme Court of Iowa.

Sept. 23, 1998.

Realff H. Ottesen of Ottesen, Priester & Walton, Davenport, for appellant.

Gregory A. Johnston, Muscatine, for appellee.

Steven P. Wing of Dwyer & Wing, Davenport, for the estate.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

Delores Raushenberger, the proponent of a "lost" 1988 will, has appealed from a district court ruling that (1) she had failed to rebut the presumption that the will had intentionally been destroyed by the decedent, and (2) the decedent's destruction of the 1988 will did not revive a 1973 will. We affirm.

I. *Facts and Initial Proceedings.*

Frances Greenwald died on August 9, 1996, survived by her husband, Harold Greenwald, a half-sister, Delores Raushenberger, and various other relatives. Frances and Harold had no children together. Frances executed a will on August 2, 1973, which had been prepared by an attorney. On January 8, 1988, Frances signed a will that was prepared by a second attorney.

After Frances's death, Delores petitioned for the probate of a copy of Frances's 1988 will. Her petition was initially granted. The court later rescinded the order on Harold's objection that the will was not signed or witnessed.

Delores then filed a petition for declaratory judgment to establish and probate the unsigned copy as the decedent's will. The court refused to recognize the copy as a will because Delores had failed to rebut the presumption that Frances had destroyed the original will with the intent to revoke it. The court further ruled that, while the copy of the 1988 will could not be admitted to probate, the will as initially executed was effective to revoke Frances's 1973 will. The 1973

will, moreover, was held not to be revived under the doctrine of "dependent relative revocation."

## II. Scope of Review.

■ This probate case is reviewed for assigned errors, *In re Estate of Hoxsey*, 225 N.W.2d 141, 142 (Iowa 1975), and

> "[t]he trial court's decision on the facts has the force and effect of a jury verdict. The credibility of witnesses and weight of the evidence is for the trial court. If supported by any substantial evidence the trial court's findings of fact are binding on us. (Citations)."

*Id.* (quoting *In re Estate of Hasselstrom*, 257 Iowa 1014, 1018, 135 N.W.2d 530, 533 (1965)).

## III. Revocation of the 1973 Will.

■ The district court ruled that the proponent of the 1988 will had failed to rebut the presumption that the decedent had intentionally destroyed it for the purpose of revoking it. *See Bethany Presbyterian Church v. Wiarda*, 508 N.W.2d 740, 742 (Iowa App. 1993). The decision that the proponent failed to establish a lost will based on the copy of the 1988 will is not challenged on appeal. However, Delores contends that the court erred in ruling that the "lost" 1988 will was ineffective to revive the 1973 will.

It might appear anomalous that a will that is denied probate, as this one was, may nevertheless be valid to the extent that it revokes a prior will. This, however, is the law. This is so because a revocation is effective on the execution of the subsequent will, and in this case, there is no dispute that the 1988 will was validly executed; it merely disappeared sometime afterward. *See Blackett v. Ziegler*, 153 Iowa 344, 353, 133 N.W. 901, 904–05 (1911) ("Upon the execution of [the revoking will], the prior will is revoked, no matter whether the instrument of revocation be probated or not."); *accord In re Estate of Farley*, 237 Iowa 1069, 1076–77, 24 N.W.2d 453, 457 (1946). *See generally* I Sheldon F. Kurtz, *Kurtz on Iowa Estates* § 4.48, at 203 (1995) [hereinafter Kurtz]; Janet Boeth Jones, Annotation, *Revocation of Prior Will by Revocation Clause in Lost Will or Other Lost Instrument*, 31 A.L.R.4th 306 (1984).

No one contends that Frances's original 1988 will was not valid when made. Both the attorney who drafted the will and a subscribing witness testified to its proper execution. The 1988 will therefore effectively revoked the 1973 will, even though the 1988 will was not admitted to probate. The district court was correct in so ruling.

## IV. The Revival Argument.

Our probate code is quite specific as to how a revoked will can be revived:

> No will, nor any part thereof, which shall be in any manner revoked, or which shall be or become invalid, can be revived otherwise than by a re-execution thereof, or by the execution of another will or codicil in which the revoked or invalid will or part thereof, is incorporated by reference.

Iowa Code § 633.284 (1995). As we held in Division III, the decedent's will of 1973 was revoked by the 1988 will. It appears, therefore, that it cannot be revived because no one contends that the 1973 will was re-executed or replaced by a will incorporating its terms, as the statute requires. Nevertheless, Delores contends that the 1973 will was revived under a theory of "dependent relative revocation." Delores's argument is essentially that the 1988 "revocation" of Frances's 1973 will was not a completed act but was only conditioned on the 1988 will being effective.

One authority discusses the doctrine:

> In some cases the revocation of a will is deemed merely conditional under the doctrine of dependent relative revocation. Suppose T duly executes will # 1 in favor of A. Thereafter T executes will # 2 substantially in favor of A but with a small bequest in favor of B. Unknown to T, will # 2 is improperly executed. T, however, believing will # 2 to be valid destroys will # 1 intending to revoke it. Will # 2 is denied probate because it was not properly executed. Under the doctrine of dependent relative revocation, if the contents of will # 1 can be proved it can be probated. The revocation is deemed conditioned on the effectiveness of will # 2 and is properly justified on the theory that T would presumably have intended will # 1 to be effec-

tive in lieu of intestacy. Iowa recognizes the doctrine of dependent relative revocation. In applying the doctrine, no distinction is drawn between mistakes of fact or mistakes of law that result in revocation by physical act.

Kurtz § 4.48, at 204.

Under the doctrine, "there was never any revocation of the earlier instrument, or real intention to revoke, because of a mental misconception of the effect of his act, on account of mistake, or ignorance, or some other error." *Blackford v. Anderson*, 226 Iowa 1138, 1157, 286 N.W. 735, 746 (1939).

The rationale behind the doctrine is that any "revocation" was conditioned on the effectiveness of the new will.

[T]he established rule is that if a testator cancels or destroys a will with a present intention of making a new one immediately and as a substitute, and the new will is not made, or, if made, fails of effect for any reason, it will be presumed that the testator preferred the old will to intestacy, and the old one will be admitted to probate in the absence of evidence overcoming the presumption, provided that its contents can be ascertained. This doctrine of dependent relative revocation has been declared applicable notwithstanding that the old will was entirely destroyed; and it is applicable in cases where revocation is attempted by a later will, as well as where the first will was destroyed, mutilated, or canceled.

79 Am.Jur.2d *Wills* § 563, at 675 (1975) (footnotes omitted).

▆ The doctrine of dependent relative revocation cannot revive the 1973 will here. The doctrine is not a rule of law that would create a presumption that a prior will was revived; it is only one factor to be considered in determining whether the decedent intended to conditionally revoke an earlier will. *See* 95 C.J.S. *Wills* § 267, at 36 (1957). In this case, the revocation was completed. There is no evidence of Frances's intent, at the time she wrote her 1988 will, that the revocation was conditioned on any future contingencies. We have said

[t]he foundation for the rule is the failure of a subsequent will or codicil, either entirely or in some of its provisions, to have any legal effect. It has been applied when the second instrument was not properly executed, violated the mortmain statutes or the rule against perpetuities or was void for uncertainty. We have found no suggestion in any authority that the doctrine can be applied where, as here, the codicil is valid and can be carried out in its entirety.

*In re Estate of Fairley*, 159 N.W.2d 286, 291 (Iowa 1968).

In the present case, there is no evidence of improper execution or that for any other reason the 1988 will was invalid; it was simply presumed, under our law, to be later revoked by destruction. The doctrine is inapplicable, and the district court properly rejected it.

**AFFIRMED.**